UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNIBAL ARROYO,

                              Plaintiff,

              -against-                                    21-CV-10823 (LTS)

JOHN/JANE DOES #1-#4, in their individual                 ORDER TO AMEND
capacities,

                              Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is currently incarcerated at Shawangunk Correctional Facility, brings this

*pro se* action under 42 U.S.C. § 1983. He asserts claims arising from events in 2018 and 2019,

when he was detained at the Anna M. Kross Center (AMKC), in the custody of the New York

City Department of Correction (DOC). By order dated January 7, 2022, the Court granted

Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1] For the

reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60

days of the date of this order.

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Anibal[2] Arroyo brings this action against four unidentified "John or Jane Doe" individuals whom he alleges are employees of the DOC "and Corizon Health." (Compl., ECF 1 at 1.) He alleges that in 2018 and 2019, while he was detained at AMKC, Defendants required him to meet with them for in-person appointments. During each appointment, Defendants "disclosed confidential information from Plaintiff's medical and mental health chart to correction officers . . . wh[o were] unlawfully allowed access [to] Plaintiff's appointments and follow-ups." (*Id.* at 2.)

Also during 2018 and 2019, some or all Defendants "randomly and routinely singled Plaintiff out for strip searches." (*Id.*) For the searches, Plaintiff was required to remove his clothing in front of female staff members and to remain naked in an "unsecluded area" for an "extended period of time." (*Id.*) Moreover, during these searches, Defendants "made references to the contents of Plaintiff's medical and mental health files" and to his alleged crimes. (*Id.*) He contends that the searches were "designed solely to harass" him and lacked any legitimate purpose. (*Id.* at 3.)

Plaintiff states that he "previously filed this action incorrectly in the Eastern District of New York." (*Id.* at 1.) Plaintiff brought two previous actions in that district that potentially relate to this action: *Arroyo v. City of New York*, No. 20-CV-0688 (E.D.N.Y.) (*Arroyo I*) and *Arroyo v. City of New York*, No. 20-CV-00688 (RRM) (RML) (E.D.N.Y.) (*Arroyo II*).[3] In *Arroyo II*, the

---

[2] Plaintiff spells his name as "Annibal" in the caption of the complaint, and as "Anibal" in other places in the complaint. Plaintiff's other civil suits have referred to him as "Anibal," and the New York State Department of Corrections and Community Supervision lists his name as "Anibal."

[33] Plaintiff also has a pending action in the Eastern District of New York, in which he seeks benefits under the CARES Act. *See Holmes v. Yellen*, No. 21-CV-01250 (GLS) (DJS) (E.D.N.Y.).

district court characterized Plaintiff's complaint as an "action pursuant to 42 U.S.C. § 1983 alleging the violation of his right to privacy by medical personnel during his detention at Rikers Island." (ECF 7, Order of Dismissal at 1.) The district court stated the following:

> Plaintiff listed five individuals, followed by a date: James Jensen, 11/13/2018; Anthony Thompson, 11/26/2018; Monica Stahlman, 02/04/2019; Melissa Lattanzio, 03/29/2019; Monique Mack, 04/04/2019. (Compl. at 2-3;10-24.) Plaintiff did not explain who these individuals are, or what acts or omissions are attributable to them. However, a series of Progress Notes attached to the pleading suggest that they are employees of the New York City Health and Hospitals Corporation ("HHC") who provided mental health services to Arroyo on the dates listed next to their names. In light of Arroyo's *pro se* status, the Court will construe the complaint as naming these five individuals as defendants, along with the City of New York and NYDOC Mental Health.

(*Id.* at 2.)

The district court held that (1) Defendant "NYDOC Mental Health" was not an entity that could be sued in its own name; and (2) Plaintiff failed to allege any facts to demonstrate that the City of New York maintained a policy or practice that led to the deprivation of his rights. The court did not otherwise address the claims against the individual defendants and granted Plaintiff leave to amend the complaint.

Plaintiff submitted a letter dated January 7, 2021, requesting an extension of time to amend his complaint because he was in a maximum security unit without access to a law library. On the letter's envelope, Plaintiff wrote the docket number for *Arroyo II*, that is, 20-CV-688 (RRM) (RML), but he did not include the docket number on the letter; the letter was docketed in *Arroyo I* (ECF 11), which was eventually dismissed as a duplicate of *Arroyo II*. On January 11, 2021, the district court dismissed *Arroyo II* for Plaintiff's failure to file an amended complaint.

On January 22, 2021, Plaintiff filed in *Arroyo II* a request to amend the complaint (*Arroyo II*, ECF 11), and a notice of appeal (*id.,* ECF 10.) A few days later, on February 25, 2021, Plaintiff also filed a document with additional facts about each defendant, which he may

have intended as an amended complaint – even though *Arroyo II* was already closed. Plaintiff

later withdrew his appeal, however, and both *Arroyo II* and *Arroyo I* remain closed.

## DISCUSSION

**A.     Personal Involvement**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing each

defendant's direct and personal involvement in the alleged constitutional deprivation. *See*

*Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in

this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a

prerequisite to an award of damages under § 1983.") (internal quotation marks omitted).[4]

Here, Plaintiff alleges generally that Defendants "disclosed confidential information"

about his health and strip searched him in a harassing manner. (ECF 1 at 2.) Plaintiff does not

plead facts, however, about what each individual defendant did or failed to do. Plaintiff names

four "Doe" defendants, but it is unclear from the allegations of the complaint whether the

individual defendants are correction officers, medical personnel, or some combination of the two.

A defendant may be identified, in the caption and body of the complaint, for example, as:

"Correction Officer John Doe #1 on duty August 31, 2018, at AMKC during the 7-3 p.m. shift."

Plaintiff must also plead facts about what Correction Officer John Doe #1 did or failed to do on

the specified date that violated Plaintiff's rights.

---

[4] It is unclear whether any defendant is a supervisory official. A supervisor may not be held liable under section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff alleges that he previously filed this complaint in the Eastern District of New York. This suggests that the four unidentified individuals named as defendants in this action may overlap with some of the five individuals named as defendants in *Arroyo II* (James Jensen; Anthony Thompson; Monica Stahlman; Melissa Lattanzio; Monique Mack), and that the claims that he brings in this complaint may arise from the same incidents that Plaintiff raised in *Arroyo II*. If so, questions may arise about whether principles of preclusion bar Plaintiff from litigating these claims.[5]

**B.    Disclosure of Confidential Information**

    1.    Health Insurance Portability and Accountability Act

The Health Insurance Portability and Accountability Act (HIPAA) prohibits the disclosure of medical records without a patient's consent. *See* 42 U.S.C. §§ 1320d-1 to 1320d-7. The Court of Appeals for the Second Circuit has explained, however, that "the statute does not expressly create a private cause of action for individuals to enforce this prohibition. Instead, HIPAA provides for penalties to be imposed by the Secretary of the Department of Health and Human Services. *Id.* § 1320d-5(a)(1)." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020). Because "HIPAA confers no private cause of action, express or implied," *id.*, this

---

[5] Issue preclusion bars re-litigation of a specific legal or factual issue in a second proceeding "where (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir. 2001) (internal quotation marks and citation omitted, alteration in original).

Claim preclusion applies when "(i) an . . . action resulted in an adjudication on the merits; (ii) that . . . action involved the same counterparty [as the present action] or those in privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in th[e] [already adjudicated] action." *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 898 F. 3d 232, 237 (2d Cir. 2018), *rev'd on other grounds*, 140 S. Ct. 1589 (2020).

federal statute does not provide a viable basis for Plaintiff's claims for relief based on his

allegations that Defendants disclosed his confidential information.

    2.     Substantive Due Process

The disclosure of a prisoner's medical information implicates rights under the Fourteenth

Amendment's Due Process Clause. The Due Process Clause protects a "right to privacy [that]

can be characterized as a right to 'confidentiality,'" which "includes the right to protection

regarding information about the state of one's health." *Doe v. City of New York*, 15 F.3d 264, 267

(2d Cir. 1994); *see also Hancock v. Cty. of Rensselaer*, 882 F.3d 58, 66-67 (2d Cir. 2018)

("[S]ubstantive due process categorically protects privacy in certain types of personal

information[, including] medical information."); *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir.

1999) ("[T]he right to confidentiality includes the right to protection regarding information about

the state of one's health.").

Prisoners "retain[ ] those [constitutional] rights that are not inconsistent with [their] status

as . . . prisoner[s] or with the legitimate penological objectives of the corrections system." *Id.* at

112 (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). "[A] prisoner's interest in keeping a

medical condition private varies with the condition." *Rodriguez v. Ames*, 287 F. Supp. 2d 213,

220 (W.D.N.Y. 2003) (citing *Powell*, 175 F.3d at 111). A plaintiff has a stronger interest in the

confidentiality of conditions that are "excruciatingly private and intimate in nature," such as HIV

status and transsexualism. *See Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57,

69 (2d Cir. 2011) (holding, outside the prison context, that revealing a condition like

fibromyalgia was not likely to "expose a person . . . to discrimination and intolerance"); *Dash v.

Mayers*, No. 19-CV-414 (GBD) (JLC), 2020 WL 1946303, at *5 (S.D.N.Y. Apr. 23, 2020)

("Although bipolar disorder is a serious medical condition, it does not appear, in the prison

context, to carry a social stigma equivalent to HIV/AIDS or transsexualism") (citations omitted),

*R & R adopted*, 2020 WL 3057133 (S.D.N.Y. June 9, 2020). "The strength of a privacy interest is relevant to the due process inquiry, but only in service of determining how strong the government's interest must be in order to override it." *Hancock*, 882 F.3d at 66–67.

Prison officials can permissibly impinge on the right of confidentiality in medical information of convicted prisoners "only to the extent that their actions are 'reasonably related to legitimate penological interests.'" *Powell*, 175 F.3d at 112 (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Thus, for example, "the gratuitous disclosure of an inmate's confidential medical information as humor or gossip . . . is *not* reasonably related to a legitimate penological interest." *Id.* (emphasis original). By contrast, disclosure of medical information did not violate a prisoner's right to privacy where it "was reasonably related to the legitimate penological interest of adjudicating [a] grievance." *Alsaifullah v. Furco*, No. 12-CV-2907 (ER), 2013 WL 3972514, at *8 (S.D.N.Y. Aug. 2, 2013); *see also Webb v. Goldstein*, 117 F. Supp. 2d 289, 298-99 (E.D.N.Y. 2000) (prison officials' disclosure of a prisoner's medical information to law enforcement for purposes of an ongoing investigation did not give rise to liability).

Plaintiff's complaint does not include facts about the nature of the medical information that he wished to keep confidential, and the strength of his privacy interest is thus unclear. Plaintiff also does not plead facts about the circumstances under which his medical information was disclosed, and it is therefore unclear if medical personnel had a legitimate purpose for disclosing such information. For all of these reasons, Plaintiff's allegations fail to state a claim under section 1983 that the disclosure of his confidential medical information violated his right to substantive due process. If Plaintiff amends his complaint to replead this claim, he must include a short and plain statement of such facts, in addition to pleading facts about what role each individual defendant played.

C.     **Claim for Unlawful Strip Search**

Plaintiff alleges that his claims arose when he was detained at Rikers Island in 2018 and 2019, and it therefore appears that he was a pretrial detainee when some or all of his claims arose. "[B]oth convicted prisoners and pretrial detainees[] retain some Fourth Amendment rights upon commitment to a corrections facility," *Bell v. Wolfish*, 441 U.S. 520, 558 (1979).

"The Fourth Amendment prohibits only unreasonable searches." *Id.* In determining the reasonableness of a search, courts must "consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id,* at 559. In the setting of a jail or prison, "correctional officers must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities," and deference must be given to such officers' judgment "unless there is 'substantial evidence' demonstrating their response to the situation is exaggerated." *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 566 U.S. 318, 327 (2012) (citing *Bell*, 441 U.S. at 546).

Correction officials can conduct "random searches" of prisoners, including pretrial detainees, without having "reason to suspect a particular individual of concealing a prohibited item." *Id.* at 328; *see also Vaughn v. Strickland*, No. 12-CV-2696 (JPO), 2013 WL 3481413, at *5 (S.D.N.Y. July 11, 2013) ("[D]espite the fact that visual strip searches are "undoubtedly humiliating and deeply offensive to many," prison officials may reasonably "require all arrestees who are committed to the general population of a jail to undergo visual strip searches not involving physical contact by corrections officers.") (*quoting Florence*, 566 U.S. at 341 (Alito, J., concurring))). Searches that involve intentional humiliation, abuse, or invasive touching can nevertheless violate the Fourth Amendment. *See Florence*, 566 U.S. at 339 (Kennedy, J.).

Here, Plaintiff alleges that he was "randomly" selected to be strip searched, which, in itself, is not unlawful. *See Florence v*, 566 U.S. at 328. Plaintiff makes a conclusory allegation that there was "no legitimate penological justification" for this search. (Compl., ECF 1 at 3.) He does not, however, include facts that could give rise to an inference that the search was not reasonably related to legitimate security interests, such as facts showing, for example, that he was repeatedly searched in a situation where there was no possibility that he could have obtained contraband.

Plaintiff alleges that he was left naked for an "extended" period of time but such an allegation gives no information about whether this period lasted minutes or hours. Plaintiff also alleges that Defendants' discussion of his medical information during the search(es) was harassing, but absent further facts about the searches and the manner in which they were conducted – such as how often he was inappropriately searched, when the searches took place, or what Defendants said to Plaintiff – he fails to state a claim that the search(es) violated his rights under the Fourth Amendment. If Plaintiff amends his complaint and includes a claim that one or more defendants violated his rights under the Fourth Amendment, Plaintiff must include facts in his amended complaint that put each defendant involved in the search(es) on notice of what the defendant did or failed to do that violated Plaintiff's rights.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. First, Plaintiff must name as the defendant(s) in the caption[6] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[7] The naming of "Doe" defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "Doe" defendants and amending his complaint to include the identity of any "Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to

---

[6] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[7] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2020, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a) the names and titles of all relevant people;

    b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c) a description of the injuries Plaintiff suffered; and

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-10823 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the federal claims will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue). The Clerk of Court is

directed to mail a copy of this order to Plaintiff and note service on the docket.

      SO ORDERED.

Dated:    January 18, 2022
         New York, New York

                        /s/ Laura Taylor Swain
                          LAURA TAYLOR SWAIN
                 Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED
COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I.  LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.  PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name          Middle Initial          Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                        State                        Zip Code

## III.  PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 2:

First Name                    Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 3:

First Name                    Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 4:

First Name                    Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

## V.   STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment,
if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____