UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANNIBAL ARROYO,

                            Plaintiff,

            -against-

JOHN/JANE DOES #1-4,

                          Defendants.

---

21-CV-10823 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff filed this action asserting claims under 42 U.S.C. § 1983, arising from events in 2018 and 2019, when he was a pretrial detainee at the Anna M. Kross Center. On January 18, 2022, the Court directed Plaintiff to file an amended complaint within sixty days. By letters dated February 19 and 22, 2022, Plaintiff asked to voluntarily withdraw the complaint. Accordingly, the complaint, filed *in forma pauperis* (IFP) under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice under Rule 41(a) of the Federal Rules of Civil Procedure.

    In his letters, Plaintiff also asks that the filing fee for this action be refunded, and he seems to suggest that funds withdrawn from his account were greater than the installment withdrawals specified under 28 U.S.C. § 1915(a)(2), (b). On December 25, 2021, Plaintiff signed the prisoner authorization form, which notifies him that as a prisoner, he is required to pay the full filing fee, even if granted the right to proceed IFP, and even if he later voluntarily withdraws the action or it is dismissed. (ECF 4.) Plaintiff describes his financial hardship due to having paid the statutorily required fee, but he had not shown any cognizable basis for refunding it.

    Plaintiff also suggests that the installment payments withdrawn from his account were improper. Prisoners granted IFP status must make simultaneous monthly installment payments toward filing fees for all IFP cases filed, rather than making sequential monthly payments for one case at a time. *See Bruce v. Samuels*, 577 U.S. 82 (Jan. 12, 2016). In addition to this action,

Plaintiff has brought recent cases in this and other district courts. Although the Court cannot determine without copies of Plaintiff's prison account statements whether the withdrawals comport with 28 U.S.C. § 1915 (b)(2), the simultaneous withdrawal of payments for more than one action is one potential reason why the withdrawals may be greater than Plaintiff expected. Plaintiff is obligated, under 28 U.S.C. § 1915(b)(1), to pay the full $350.00 filing fee for this action, and he does not allege that withdrawals exceed that amount. He therefore has not established any basis for relief.

## CONCLUSION

The complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice under Rule 41(a) of the Federal Rules of Civil Procedure.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 24, 2022
         New York, New York

                                       /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                    Chief United States District Judge